### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| 425 Third Street, S.W., Suite 800 | ) | |
| Washington, DC  20024, | ) | |
|  | ) | |
| Plaintiff, | ) | Civil Action No. |
|  | ) | |
| v. | ) | |
|  | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| 1111 Constitution Avenue, NW | ) | |
| Washington, DC 20224, | ) | |
|  | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant Internal Revenue Service to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at 1111 Constitution Avenue, NW, Washington, DC 20224. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 22, 2013, Plaintiff sent a FOIA request to Defendant seeking access to the following public records:

> Any and all records and communications concerning, regarding, or related to the selection of individuals for audit based on information contained in 501(c)(4) tax exempt applications.

The time frame of the request was identified as being "January 1, 2010 to the present." The request does not seek information about any individual taxpayer, any individual taxpayer's tax "return," or any "return information" about an individual taxpayer.

6. By letter dated June 25, 2013, Defendant acknowledged receiving Plaintiff's request on June 5, and assigned the request number F13156-0085. Defendant's June 25, 2013 letter advised Plaintiff that Defendant had "extended the statutory response date to July 18, 2013, after which you can file suit." Defendant's June 25, 2013 letter also advised Plaintiff that, "[u]nfortunately, we will still be unable to locate and consider release of the requested records by July 18, 2013," and, as a result, "[w]e have extended the response date to August 16, 2013 when we believe we can provide a final response." The letter characterized the extension until August 16, 2013 as a "request" and advised Plaintiff that, "[y]ou may file suit if you do not agree to an extension beyond the statutory period . . . You may file suit after July 18, 2013."

7. By letter dated August 13, 2013, Defendant further advised Plaintiff that it was "still working on your request and need[ed] additional time to obtain and review documents responsive to your request" and that it would "contact you by September 27, 2013" if it was "still unable to complete your request."

8. Plaintiff has received no further communications from Defendant concerning the status of Defendant's response to Plaintiff's request.

9. As of the date of this Complaint, Defendant has failed to make a determination about whether it will comply with Plaintiff's request, notify Plaintiff of any determination, or notify Plaintiff of his right to appeal any adverse determination to the head of the agency. Nor has Defendant produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

10. Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

**COUNT 1**
**(Violation of FOIA, 5 U.S.C. § 552)**

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   November 7, 2013                                  Respectfully submitted,

                                                           JUDICIAL WATCH, INC.

                                                           /s/ Paul J. Orfanedes
                                                           D.C. Bar No. 429716
                                                           425 Third Street, S.W., Suite 800
                                                           Washington, DC 20024
                                                           (202) 646-5172

                                                           *Attorneys for Plaintiff*